IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN MURRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN GLUNT, et al. | : | No. 11-3420 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J.                                                   October 19, 2011

Presently before me is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Julian Murray and the response thereto. Murray, who is currently incarcerated in the State Correctional Institution in Houtzdale, Pennsylvania, challenges his incarceration for, *inter alia*, rape and endangering the welfare of a child. For the reasons that follow, the petition will be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

After a bench trial before the Honorable Lisa Aversa Richette, Court of Common Pleas of Philadelphia County, Murray was convicted of rape, sexual assault, statutory rape, indecent assault, endangering the welfare of children, corruption of minors, simple assault, and indecent exposure.[1] On May 21, 1998, Murray was sentenced to an aggregate

---

[1] The state court summarized the facts leading to Murray's conviction as follows:

> On September 4, 1996, [Murray] lived in Philadelphia with his wife, his twelve-year-old stepdaughter, and his daughters by his wife. The victim in this case was [Murray's] stepdaughter. At approximately 7:00 a.m. that day, [Murray] took his wife to work. As was customary when their mother left early for work, the victim and her sister went to sleep in their mother's room. After [Murray] returned, he awoke the victim and told her to get out of bed. She refused and fell back to sleep. She suddenly was awakened by a sharp pain inside her vagina. [Murray] was on top of her moving up and down. The victim pushed away [Murray], ran

term of seven to fourteen years of imprisonment.

After Murray's untimely direct appeal was quashed, he filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., seeking reinstatement of his direct appellate rights. The petition was granted and on July 22, 2002, the Pennsylvania Superior Court affirmed the judgment of sentence. Commonwealth v. Murray, No. 2478 EDA 2001 (Pa. Super. July 22, 2002) (unpublished memorandum), attached as Ex. "A" to Respondents' Answer. Murray did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On May 20, 2004, Murray filed a second PCRA petition. Counsel appointed to represent Murray in his PCRA matter subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. Counsel was permitted to withdraw from representation. The

---

> downstairs, and started to telephone her mother. [Murray] followed, pulled the telephone from her hand, and then ripped it from the wall. When [Murray] returned upstairs, the victim ran to a neighbor's house, where she telephoned police and reported the rape.
>
> The victim was transported to a local hospital for treatment and evaluation. During the examination, the victim experienced extreme discomfort, and the doctor observed abrasions and bleeding inside the victim's vagina and rectum.

Commonwealth v. Murray, No. 2478 EDA 2001, slip op. at 1-2 (Pa. Super. July 22, 2002) (unpublished memorandum), attached as Ex. "A" to Respondents' Answer.

PCRA court dismissed Murray' petition as untimely on December 14, 2004.[2] On November 9, 2005, the Superior Court affirmed the dismissal of Murray's PCRA petition. Commonwealth v. Murray, No. 389 EDA 2005 (Pa. Super. Nov. 9, 2005) (unpublished memorandum), attached as Ex. "B" to Respondents' Answer.

On November 17, 2008, Murray filed another PCRA petition which was dismissed as untimely by the PCRA court. The Superior Court affirmed the dismissal of the PCRA petition on September 24, 2010. Commonwealth v. Murray, No. 3731 EDA 2009 (Pa. Super. Sept. 24, 2010) (unpublished memorandum), attached as Ex. "C" to Respondents' Answer.

On May 26, 2011,[3] Murray filed the instant petition for a federal writ of habeas corpus claiming:

> 1) the Commonwealth violated the double jeopardy clause by refiling charges after the court had dismissed all charges;
>
> 2) he was unconstitutionally charged multiple times for one alleged offense;
>
> 3) the evidence was insufficient to support his conviction and his conviction was against the weight of the evidence; and

---

[2]Pursuant to the PCRA, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

[3]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Because Murray failed to date his habeas petition, I will use the date the habeas petition was filed by the Clerk of Court as the official filing date.

    4) trial counsel was ineffective for failing to protect against double jeopardy and failing to call an expert medical witness.

Respondents' answer asserts that Murray is not entitled to federal habeas relief because his petition is untimely.

**DISCUSSION:**

    Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending

shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Murray's conviction became final on August 21, 2002, when the time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired. See Pa.R.A.P. 1113(a) (a petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within thirty (30) days of the entry of the order of the Superior Court). Consequently, Murray would have had until August 21, 2003, to timely file his § 2254 petition.

Murray filed his petition on May 26, 2011, over seven years after the limitation period expired on August 21, 2003.[4] He does not assert that there has been an impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Murray would be barred from presenting his claims

---

[4]Murray filed two PCRA petitions in 2004 and 2008; however, these petitions would not toll the federal statute of limitations because the petitions were deemed untimely and thus, were not "properly filed." See 28 U.S.C. § 2254(d)(2). In any event, the federal limitations period had already expired when the PCRA petitions were filed. Long v. Wilson, 393 F.3d 390, 394-395 (3d Cir. 2004) (petitioner's untimely state post-conviction petition, filed after time to file a habeas petition expired, did not toll the federal limitations period). Consequently, the 2004 and 2008 PCRA petitions would not impact this court's calculations regarding the one (1) year limitation period.

under § 2254, unless the instant petition is subject to equitable tolling.

Equitable tolling is available in the context of a federal habeas petition in appropriate cases. See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner bears the burden of establishing his entitlement to equitable tolling through two (2) elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Id. at 2562, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Court has also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). Murray has not presented any evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. Because Murray has not established "extraordinary" circumstances which would justify application of equitable principles, I find that there are no circumstances which would make the rigid application of the limitation period unfair.

Consequently, Murray's petition is dismissed as untimely.

    An appropriate order follows.